IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICKY LEE LOVE,<br>    PLAINTIFF, | § § § | |
| VS. | § § § | CIVIL ACTION NO.<br>4:12-CV-00642-Y |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY,<br>    DEFENDANT. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

*Pro-se* plaintiff Ricky Lee Love ("Love") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits as a disabled adult child under Title II and for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). In April 2010, Love protectively applied for SSI benefits, and, in September 2010, he filed for disabled adult child benefits. (Transcript ("Tr.") 13; *see* Tr.

1

4, 130-35.) His applications were denied initially and on reconsideration. (Tr. 13, 71, 115.) An ALJ held hearings on April 14, 2011 and October 26, 2011 and issued a decision on January 18, 2012 that Love was not disabled. (Tr. 10-24; *see* Tr. 25-64.) Love filed a written request for review of the ALJ's decision, and the Appeals Council denied the request on July 13, 2012, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 5-9.)

## II. STANDARD OF REVIEW

SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions govern SSI benefits. *See* 20 C.F.R. Pt. 416. In addition, a claimant applying for disabled adult child benefits will be found disabled if he meets the requirements set forth in 20 C.F.R. 404.350, including, as relevant here, that the claimant, if 18 years old or older, has a "disability that began before [the claimant] became 22 years old." 20 C.F.R. 404.350(a). The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. 404.1505(a), 416.905(a); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520, 416.920.

First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. An impairment or combination of impairments is not severe if it has such minimal effect on the individual that it would not be

expected to interfere with the individual's ability to work. 20 C.F.R. § 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* § 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity ("RFC"), age, education, and past work experience. *Id.* § 416.920(f); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999).

At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot, in fact, perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th

Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III. ISSUES

After a reading of Love's *pro se* brief, it is difficult to determine what issues Love is raising on appeal. The Court discerns that he is presenting the following issues:

1. Whether the Appeals Council erred in denying Love's appeal without giving any reasons for its denial; and

2. Whether substantial evidence supports the ALJ's decision regarding his physical and mental impairments.

(Plaintiff's Brief ("Pl.'s Br.") at 1-4.)

### IV. ALJ DECISION

In his January 18, 2012 decision, the ALJ found that Love had not engaged in any substantial gainful activity since July 1, 1999, his alleged onset date of disability. (Tr. 15.) The ALJ further found that Love suffered from the following severe impairments: "[l]earning disorder, antisocial personality disorder, and history of ADHD and conduct disorder." (Tr. 15.) Next, the ALJ held that none of Love's impairments, or combination of impairments, met or equaled the severity of any impairments in the Listing. (Tr. at 16.) As to Love's residual functional capacity ("RFC"), the ALJ stated:

> The claimant retains the residual functional capacity, over a sustained period of time, to occasionally lift and/or carry (including upward pulling) 50 pounds, frequently lift and/or carry (including upward pulling) 25 pounds, stand and/or walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday; further limited by the ability to understand, remember, and carry out short, simple one- or two-step instructions; make judgments on simple one- or two step work-related decisions; interact appropriately with supervisors; and respond appropriately to usual work pressures and changes in the work setting; in jobs requiring no work around hazardous, exposed moving machinery and heavy equipment; only incidental, face-to-face public contact; and only occasional contact with co-workers; with no postural, manipulative, or visual/communicative limitations.

(Tr. 16 (emphasis omitted).) Next, the ALJ found that Love did not have any past relevant work. (Tr. 22). However, considering Love's age, education, work experience, and RFC, the ALJ concluded, based upon the vocational expert's opinion that there were jobs that existed in significant numbers in the national economy, that Love was not disabled. (Tr. 22-24.)

## V. DISCUSSION

### A. Appeals Council Decision

Although less than clear, Love appears to complain that the Appeals Council denied his request for reconsideration without explaining its reasons for affirming the decision of the ALJ. (Pl.'s Br. at 3.) After the ALJ issued his opinion on January 18, 2012, Love, through his mother, Linda Love, submitted his request for review and over twenty pages of other documents that consisted of written statements regarding Love's condition and a document dated January 25, 2012 from JPS Emergency Department allegedly showing that Love had been prescribed an "inhaled medicine" to treat asthma. (Tr. 4a, 299-327.) The Appeals Council, in its July 13, 2012 Notice of Appeals Council Action, acknowledged that it had considered this additional evidence

but "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 6; *see* Tr. 4-8.)

Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. §§ 404.970(b), 404.976(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331-32 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *Id.* The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "A court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham II*, 163 F. App'x at 281-82).

Contrary to Love's argument, the Appeals Council did not err by failing to specifically discuss in detail its reasons for rejecting the newly submitted documents. According to the

6

Hearings, Appeals and Law Litigation Manual ("HALLEX"), the Appeals Council was at one time required to specifically address and assess the weight of any additional evidence and legal arguments submitted for review. *See Newton*, 209 F.3d at 459 (citing HALLEX § I-3-5-1 ("In the denial notice, the Appeals Council will specifically address additional evidence or legal arguments or contentions submitted in connection with a request for review.")). However, Fifth Circuit precedent states that the requirement in HALLEX requiring a detailed discussion of additional evidence was suspended by the Executive Director of the Office of Appellate Operations years ago, and there is no indication such suspension has been lifted. *See Higginbotham*, 405 F.3d at 335 n.1; *see also Frazier v. Colvin*, No. 12-1728, 2013 WL 4040061, at *6 (W.D. La. Aug. 7, 2013); *Lee*, 2010 WL 3001904, at *8 (citing *Higginbotham*, 405 F.3d at 335 n.1). *Coleman v. Astrue*, No. 1:08-CV-230-SAA, 2010 WL 956175, at *6 (N.D. Miss. Mar. 11, 2010); *Walker v. Astrue*, No. 3:09-CV-1900-BH, 2010 WL 910505, at *9 (N.D. Tex. Mar. 13, 2001); *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *5 (W.D. La. Aug. 28, 2009). Furthermore, as noted above, in the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee*, 2009 WL 2841113, at *6. Instead, the issue before the Court is whether "the new evidence diluted the record to such an extent that the ALJ's determination became insufficiently supported." *Lee*, 2010 WL 3001904, at *8.

In this case, the new material submitted by Love to the Appeals Council does not conflict with the other evidence in the record and appears to be similar to other evidence already in the

record and considered by the ALJ. (*See*, e.g., Tr. 27-32, 36-64, 112, 114, 155-62, 178-79, 190, 195-97, 199, 206, 221-25, 242-49, 277.) Thus, the Court finds that the new evidence does not dilute the record to such an extent that the ALJ's determination became insufficiently supported. Consequently, there was no error and remand is not required.

### B. RFC Determination

Love also appears to argue that the ALJ's decision is not supported by substantial evidence. However, Love does not cite to any specific evidence beyond his own conclusory allegations in support of such claim. The Commissioner, in his response brief, thoroughly analyzed this issue, explaining what evidence the ALJ relied on in determining that Love was not disabled. The Court adopts such analysis herein. As set forth by the Commissioner in his brief, the ALJ properly discussed the evidence in the record in making his disability determination, adequately explained the reasoning for such determination and for giving less weight to certain evidence, and exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his residual functional capacity assessment that were most supported by the record. *See,* e.g., *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record."). Because there is substantial evidence in the record that supports the ALJ's RFC determination, the Court concludes that remand is not required as to this issue.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 22, 2013** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 8, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv